

# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452      *Secretary of the Commonwealth*      RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

George Hicker
15260 Ventura Boulevard
Suite 1120
Sherman Oaks, CA 91403

4/21/2014

Jay Rappaport et al.

vs.

George Hicker

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact <u>the CLERK of the enclosed/below mentioned court</u> or any attorney of your choice. <u>Our office does not accept payments on behalf of debts.</u> The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:
Fairfax County Circuit Court
4110 Chain Bridge Road
Fairfax, VA 22030-4009

Service of Process Clerk
Secretary of the Commonwealth's
Office



**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. .......... 2014-04487

Commonwealth of Virginia

............................ Fairfax County ............................................ Circuit Court

......... Jay Rappaport et al. .............. v. ...... Cardinal Industrial Management, LLC et al.

---

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:    ☒ Summons and Complaint          ☐ Notice
                                                 ☐

I, the undersigned Affiant, state under oath that

☐ the above-named defendant        ☒ .................... George Hicker ....................

whose last known address is     ☐ same as above   ☒ .... 15260 Ventura Blvd., Suite 1120, Sherman Oaks, CA 91403

1.  ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)(___)
       applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2.  ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
       REQUIREMENT ON BACK)

[          ] is the hearing date and time on the attached process or notice.

04/01/2014 _____          _____   JASON GREAVES (VSB 86105)
DATE                              ☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of  Virginia    ☐ City  ☐ County of  Fairfax

Acknowledged, subscribed and sworn to before me this day by _____ Jason Greaves
                                                                   PRINT NAME OF SIGNATORY

04/1/15 _____   _____  ☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC   Sandra Marie Reardon
DATE

Notary Registration No. 7501282  My commission expires: 05/17/2015

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

---

**NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:**

You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.

SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.  On  APR 2 1 2014 ................................., legal service in the above-styled case was made upon the Secretary of the
    Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2.  On  APR 2 1 2014 ................................., papers described in the Affidavit were forwarded by certified mail, return receipt
    requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 11/07
VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51



SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
**(Press 3, Press 1)**

Jay Rappaport et al. vs. Cardinal Industrial Management LLC et al.

CL-2014-0004487

TO:   George Hicker
15260 Ventura Blvd Suite 1120
Sherman Oaks CA 91403

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on April 9, 2014.

JOHN T. FREY, CLERK

By: _Ana M Quinting Blander_

Deputy Clerk

Plaintiff's Attorney:  T. Wayne Biggs

VIRGINIA:

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

JAY RAPPAPORT                                     )
                                                  )
and                                               )
                                                  )
CENTURION ADVISORS, LLC                           )
                                                  )
     *Plaintiffs,*                          )
                                                  )
v.                                                )          Case No. **2014-04487**
                                                  )
CARDINAL INDUSTRIAL MANAGEMENT, LLC               )
SERVE:  Harvard Business Services, Inc.           )
       16192 Coastal HWY           )
       Lewes, DE 19958             )
                                                  )
and                                               )
                                                  )
CARDINAL CENTURION MANAGEMENT, LLC                )
SERVE:  Harvard Business Services, Inc.           )
       16192 Coastal HWY           )
       Lewes, DE 19958             )
                                                  )
and                                               )
                                                  )
LONGO REAL ESTATE SERVICES, INC., d/b/a           )
**Cardinal Industrial Real Estate Services**      )
SERVE:  George Hicker                             )
       15260 Ventura Blvd., Suite 1120 )
       Sherman Oaks, CA 91403      )
                                                  )
and                                               )
                                                  )
GEORGE HICKER                                     )
15260 Ventura Blvd., Suite 1120                   )
Sherman Oaks, CA 91403                            )
                                                  )
     *Defendants.*                          )

FILED
CIVIL INTAKE
2014 APR -1  PM 3: 49
JOHN T. FREY
CLERK CIRCUIT COURT
FAIRFAX, VA

## <u>COMPLAINT</u>

    COME NOW YOUR PLAINTIFFS Jay Rappaport and Centurion Advisors, LLC, and

assert the following claims against Defendants Cardinal Industrial Management, LLC, Cardinal



Centurion Management, LLC, Longo Real Estate Services, Inc. d/b/a Cardinal Industrial Real Estate Services, and George Hicker as follows:

## PARTIES

1.     Plaintiff Jay Rappaport ("Mr. Rappaport") is an individual and resident of Fairfax County in the Commonwealth of Virginia, and is the controlling member of Centurion Advisors, LLC.

2.     Plaintiff Centurion Advisors, LLC ("Centurion") is a Virginia limited liability company with its principal office at 503 Scenic Way, Great Falls, Virginia 22066.

3.     Defendant Cardinal Industrial Management, LLC ("CIM") is a Delaware limited liability company with its principal place of business at 15260 Ventura Blvd., Suite 1120, Sherman Oaks, CA 91403.

4.     Defendant Cardinal Centurion Management, LLC ("CCM") is a Delaware limited liability company with its principal place of business at 15260 Ventura Blvd., Suite 1120, Sherman Oaks, CA 91403.

5.     Defendant Longo Real Estate Services, Inc., d/b/a Cardinal Industrial Real Estate Services ("CI") is a California corporation with its principal place of business at 15260 Ventura Blvd., Suite 1120, Sherman Oaks, CA 91403 (Defendants CIM, CCM, and CI are referred to collectively as the "Cardinal Entities").

6.     Defendant George Hicker ("Hicker") is an individual and resident of California.

7.     Upon information and belief, Hicker is a manager or is otherwise imbued with control and decision making authority over the Cardinal Entities.

## JURISDICTION AND VENUE

8.     Jurisdiction is proper in this Court pursuant to Virginia Code § 17.1-513.

9.     Personal jurisdiction is proper pursuant to Virginia Code § 8.01-328.1, as this cause of action arises from Defendants' transaction of business within the Commonwealth of Virginia.

10.     Venue is permissible in this county pursuant to Virginia Code § 8.01-262(10), as Plaintiffs reside and do business in Fairfax County, and all Defendants are nonresidents of Virginia.

## FACTS

11.     Plaintiffs and Defendants began doing business together in 2003.  Generally, Plaintiffs and Defendants would invest in properties throughout the nation.

12.     Plaintiffs were entitled, by contract (the "Contract"), to certain compensation with respect to: (i) the negotiating, structuring, promoting, and closing the acquisition of the investment properties; (ii) the ongoing management, leasing, development, and refinancing of the properties; and (iii) the sale, refinancing, recapitalization, or similar events pertaining to the properties.

13.     In October 2012, Centurion sued the Cardinal Entities for breach of the Contract (Fairfax Circuit Court Case Number CL2012-15055), alleging that the Cardinal Entities had refused to pay amounts due under the Contract.

14.     On November 1, 2012, Plaintiffs and Defendants entered into a Settlement Agreement (the "Agreement"), a true and accurate copy of which is attached hereto as Exhibit A.

3

15.     Plaintiffs entered into the Agreement as consideration for Centurion dismissing its lawsuit against the Cardinal Entities, among other good and valuable consideration as recited in the Agreement.

16.     The Agreement superseded all prior contractual relationships between Plaintiffs and Defendants, and served to amend contractual rights and obligations with respect to Plaintiffs' ownership interest in the Cardinal Entities and the payments to be made to Plaintiffs from the Cardinal Entities.

17.     Section 2(d)(ii) of the Agreement states that, with regard to GatorAm, LLC's ("GatorAm") property, Defendants shall pay Plaintiffs 25% of monies paid to Defendants for "Sales Services" relating to such property.  Sales Services are defined in the Agreement to include "providing or offering to provide services for the future sale, refinancing, recapitalization or similar event pertaining to the Properties."

18.     GatorAm's property consists of the buildings and underlying properties located at 474 Gator Lane, Wytheville, VA (the "GatorAm Property").

19.     Section 2(f)(ii) of the Agreement states that, with regard to Card Monster Tires, LLC's ("Card Monster") property, Defendants shall pay Plaintiffs 15% of monies paid to Defendants for "Sales Services" relating to such property.

20.     Card Monster's property consists of the buildings and underlying properties located at: 500 Business Center Drive, Stockbridge, GA; 201 King Mill Court, McDonough, GA; 301 Apache Trail, Terrell, TX; 3095 Corporate Drive, DeKalb, IL; 2750 Creekside Parkway, Lockbourne, OH; and 300 South Salem Church Road, York, PA (collectively, the "Card Monster Properties").

21.     On November 29, 2012, Defendants sold the GatorAm Property, and were paid $621,805.00 for their services related to the sale.  Pursuant to the Agreement, Plaintiffs were entitled to, and received, payment of 25% of the monies paid to Defendants for sale of the GatorAm Property, amounting to $155,451.00.

22.     On January 8, 2014, Defendants sold the Card Monster Properties and were paid $8,579,648.14 for their services related to the sale.

23.     Pursuant to the Agreement, Plaintiffs are due fifteen percent (15%) of the payment referenced in Paragraph 22, which amounts to $1,286,947.22.

24.     Defendants have tendered payment of $986,467.78 to Plaintiffs, consisting of $1,017,557.78 for sale of the Card Monster Properties, and a deduction of $31,090.00 as an adjustment to Plaintiff's payment for sale of the GatorAm Property.

25.     Defendants' tender referenced in Paragraph 24 does not constitute payment in full for the sale of the Card Monster Properties, and Defendants are without legal or contractual authority to make an adjustment to the payment made for sale of the GatorAm Property.

26.     Plaintiffs have made demand to Defendants for the full amount due under the Agreement for sale of the Card Monster Properties and the GatorAm Property, but Defendants have failed and refused to tender payment in full.

## COUNT I: BREACH OF CONTRACT

27.     The allegations set forth in Paragraphs 1-26 of this Complaint are alleged and incorporated herein.

28.     Defendants materially breached the Agreement by failing to pay the amount due under the Agreement relating to the sale of the Card Monster Properties.

29.     The Settlement Agreement, entered into on November 1, 2012, provided that Plaintiffs would receive 15% of monies paid to Defendants for sale of the Card Monster Properties.

30.     Plaintiffs were due $1,286,947.22 under the Agreement, and Defendants have refused to make payment in full.

31.     As a direct and proximate result of Defendants' material breach of the Agreement, Plaintiffs have incurred damages of $269,416.44, plus pre-judgment and post-judgment interest.

## COUNT II: BREACH OF CONTRACT

32.     The allegations set forth in Paragraphs 1-31 of this Complaint are alleged and incorporated herein.

33.     Defendants materially breached the Agreement by adjusting Plaintiffs' payment of $155,451 under the Agreement, relating to the sale of the GatorAm Property, downward by $31,090.00 and withholding that amount as referenced in Paragraph 24.

34.     The Settlement Agreement, entered into on November 1, 2012, provided that Plaintiffs would receive 25% of monies paid to Defendants for sale of the GatorAm Property, and Plaintiff received such payment. The subsequent adjustment and deduction is without legal or contractual authority.

35.     As a direct and proximate result of Defendants' material breach of the Agreement, Plaintiffs have incurred damages of $31,090.00, plus pre-judgment and post-judgment interest.

WHEREFORE the Plaintiffs, Jay Rappaport and Centurion Advisors, L.L.C., request this Honorable Court to enter judgment for the Plaintiffs against the Defendants and to award the Plaintiffs:

A. Actual damages in the amount of $269,416.44 for Breach of Contract alleged in Count I;

B. Actual damages in the amount of $31,090.00 for Breach of Contract alleged in Count II;

C. Pre-judgment and post-judgment interest;

D. Their attorney's fees and costs incurred in prosecuting their claims, as provided for in

   Section 6(f) of the Settlement Agreement; and

E. Any such additional and further relief this Honorable Court deems necessary in

   furtherance of the ends of justice.


Respectfully Submitted,
JAY RAPPAPORT
and
CENTURION ADVISORS, LLC
*By Counsel*


DYCIO & BIGGS

By:

T. Wayne Biggs, Esq., VSB No. 41281
Jason C. Greaves, Esq., VSB No. 86164
DYCIO & BIGGS
10533 Main Street
Fairfax, VA 22030
T: (703) 383-0100
F: (703) 383-0101
*Counsel for Plaintiffs*

7

## TIMELY SERVICE REQUIREMENT:

Service of process in actions brought on a warrant or motion for judgment pursuant to Virginia Code § 16. 79 or § 16.1-81 shall be void and of no effect when such service of process is received by the Secretary within ten days of any return day set by the warrant. In such cases, the Secretary shall return the process or notice, the copy of the affidavit, and the prescribed fee to the plaintiff or his agent. A copy of the notice of the rejection shall be sent to the clerk of the court in which the action was filed.

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting; or

8. (ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person.

9. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

## DUE DILIGENCE REQUIREMENT:

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.



# COMMONWEALTH of VIRGINIA

*Secretary of the Commonwealth*

POST OFFICE BOX 2452                                                              RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Longo Real Estate Services, Inc., d/b/a Cardinal Industrial Real Estate          4/21/2014
Services
15260 Ventura Boulevard
Suite 1120
Sherman Oaks, CA 91403

Jay Rappaport et al.

vs.

Longo Real Estate Services, Inc., d/b/a Cardinal Industrial Real Estate
Services

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia
which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below
mentioned court or any attorney of your choice. Our office does not accept payments on behalf
of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed
papers to you.

COURT:

Fairfax County Circuit Court
4110 Chain Bridge Road
Fairfax, VA 22030-4009

Service of Process Clerk
Secretary of the Commonwealth's
Office

2014-04487

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Virginia

Case No. ................................................

........................................ Fairfax County ........................................ Circuit Court

..... Jay Rappaport et al. ..... **v.** ..... Cardinal Industrial Management, LLC et al. .....

........................................ ........................................

........................................ ........................................

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☐ Notice |
| --- | --- | --- |
| | | ☐ |

I, the undersigned Affiant, state under oath that

☐ the above-named defendant    ☒    Longo Real Estate Services, Inc., d/b/a Cardinal Industrial Real Estate Services

whose last known address is    ☐ same as above ☒    15260 Ventura Blvd., Suite 1120, Sherman Oaks, CA 91403

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

......................................................... is the hearing date and time on the attached process or notice.

04/01/2014

DATE

☐ PARTY ☒ PARTY'S ATTORNEY ☐ PARTY'S AGENT ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

JASON GREAVES (VSB 86160)

State of   Virginia    ☐ City ☐ County of   Fairfax

Acknowledged, subscribed and sworn to before me this day by   Jason Greaves

04/1/2015

DATE

☐ CLERK ☐ MAGISTRATE ☒ NOTARY PUBLIC

Sandra Marie Reardon

PRINT NAME OF SIGNATORY

Notary Registration No. 7501282 . My commission expires: 05/21/15

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

SANDRA MARIE REARDON
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
REGISTRATION NO.
7501282
MY COMM. EXPIRES
05/21/15

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On APR 2 1 2014 ........................................................ , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On APR 2 1 2014 ........................................................ , papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

........................................................................

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 11/07
VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51



SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
**(Press 3, Press 1)**

Jay Rappaport et al.  vs.  Cardinal Industrial Management LLC et al.

CL-2014-0004487

TO:    Longo Real Estate Services Inc
       d/b/a Cardinal Industrial Real Estate Services
       Serve: George Hicker
       15260 Ventura Blvd Suite 1120
       Sherman Oaks CA 91403

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on April 9, 2014.

JOHN T. FREY, CLERK

By: _Ana M Quinting Blanden_
                **Deputy Clerk**

Plaintiff's Attorney:  T. Wayne Biggs

VIRGINIA:

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| **JAY RAPPAPORT** | ) |
| | ) |
| and | ) |
| | ) |
| **CENTURION ADVISORS, LLC** | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | )    Case No.: _____ |
| | ) |
| **CARDINAL INDUSTRIAL MANAGEMENT, LLC** | ) |
| SERVE: Harvard Business Services, Inc. | ) |
|         16192 Coastal HWY | ) |
|         Lewes, DE 19958 | ) |
| | ) |
| and | ) |
| | ) |
| **CARDINAL CENTURION MANAGEMENT, LLC** | ) |
| SERVE: Harvard Business Services, Inc. | ) |
|         16192 Coastal HWY | ) |
|         Lewes, DE 19958 | ) |
| | ) |
| and | ) |
| | ) |
| **LONGO REAL ESTATE SERVICES, INC., d/b/a** | ) |
| **Cardinal Industrial Real Estate Services** | ) |
| SERVE: George Hicker | ) |
|         15260 Ventura Blvd., Suite 1120 | ) |
|         Sherman Oaks, CA 91403 | ) |
| | ) |
| and | ) |
| | ) |
| **GEORGE HICKER** | ) |
| 15260 Ventura Blvd., Suite 1120 | ) |
| Sherman Oaks, CA 91403 | ) |
| | ) |
| *Defendants.* | ) |

2014 - 04487

FILED CIVIL INTAKE
2014 APR -1 PM 3:49
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

## COMPLAINT

COME NOW YOUR PLAINTIFFS Jay Rappaport and Centurion Advisors, LLC, and

assert the following claims against Defendants Cardinal Industrial Management, LLC, Cardinal



Centurion Management, LLC, Longo Real Estate Services, Inc. d/b/a Cardinal Industrial Real Estate Services, and George Hicker as follows:

## PARTIES

1.       Plaintiff Jay Rappaport ("Mr. Rappaport") is an individual and resident of Fairfax County in the Commonwealth of Virginia, and is the controlling member of Centurion Advisors, LLC.

2.       Plaintiff Centurion Advisors, LLC ("Centurion") is a Virginia limited liability company with its principal office at 503 Scenic Way, Great Falls, Virginia 22066.

3.       Defendant Cardinal Industrial Management, LLC ("CIM") is a Delaware limited liability company with its principal place of business at 15260 Ventura Blvd., Suite 1120, Sherman Oaks, CA 91403.

4.       Defendant Cardinal Centurion Management, LLC ("CCM") is a Delaware limited liability company with its principal place of business at 15260 Ventura Blvd., Suite 1120, Sherman Oaks, CA 91403.

5.       Defendant Longo Real Estate Services, Inc., d/b/a Cardinal Industrial Real Estate Services ("CI") is a California corporation with its principal place of business at 15260 Ventura Blvd., Suite 1120, Sherman Oaks, CA 91403 (Defendants CIM, CCM, and CI are referred to collectively as the "Cardinal Entities").

6.       Defendant George Hicker ("Hicker") is an individual and resident of California.

7.       Upon information and belief, Hicker is a manager or is otherwise imbued with control and decision making authority over the Cardinal Entities.

2

## JURISDICTION AND VENUE

8.      Jurisdiction is proper in this Court pursuant to Virginia Code § 17.1-513.

9.      Personal jurisdiction is proper pursuant to Virginia Code § 8.01-328.1, as this cause of action arises from Defendants' transaction of business within the Commonwealth of Virginia.

10.     Venue is permissible in this county pursuant to Virginia Code § 8.01-262(10), as Plaintiffs reside and do business in Fairfax County, and all Defendants are nonresidents of Virginia.

## FACTS

11.     Plaintiffs and Defendants began doing business together in 2003.  Generally, Plaintiffs and Defendants would invest in properties throughout the nation.

12.     Plaintiffs were entitled, by contract (the "Contract"), to certain compensation with respect to: (i) the negotiating, structuring, promoting, and closing the acquisition of the investment properties; (ii) the ongoing management, leasing, development, and refinancing of the properties; and (iii) the sale, refinancing, recapitalization, or similar events pertaining to the properties.

13.     In October 2012, Centurion sued the Cardinal Entities for breach of the Contract (Fairfax Circuit Court Case Number CL2012-15055), alleging that the Cardinal Entities had refused to pay amounts due under the Contract.

14.     On November 1, 2012, Plaintiffs and Defendants entered into a Settlement Agreement (the "Agreement"), a true and accurate copy of which is attached hereto as Exhibit A.

3

15.     Plaintiffs entered into the Agreement as consideration for Centurion dismissing its lawsuit against the Cardinal Entities, among other good and valuable consideration as recited in the Agreement.

16.     The Agreement superseded all prior contractual relationships between Plaintiffs and Defendants, and served to amend contractual rights and obligations with respect to Plaintiffs' ownership interest in the Cardinal Entities and the payments to be made to Plaintiffs from the Cardinal Entities.

17.     Section 2(d)(ii) of the Agreement states that, with regard to GatorAm, LLC's ("GatorAm") property, Defendants shall pay Plaintiffs 25% of monies paid to Defendants for "Sales Services" relating to such property.  Sales Services are defined in the Agreement to include "providing or offering to provide services for the future sale, refinancing, recapitalization or similar event pertaining to the Properties."

18.     GatorAm's property consists of the buildings and underlying properties located at 474 Gator Lane, Wytheville, VA (the "GatorAm Property").

19.     Section 2(f)(ii) of the Agreement states that, with regard to Card Monster Tires, LLC's ("Card Monster") property, Defendants shall pay Plaintiffs 15% of monies paid to Defendants for "Sales Services" relating to such property.

20.     Card Monster's property consists of the buildings and underlying properties located at: 500 Business Center Drive, Stockbridge, GA; 201 King Mill Court, McDonough, GA; 301 Apache Trail, Terrell, TX; 3095 Corporate Drive, DeKalb, IL; 2750 Creekside Parkway, Lockbourne, OH; and 300 South Salem Church Road, York, PA (collectively, the "Card Monster Properties").

4

21.     On November 29, 2012, Defendants sold the GatorAm Property, and were paid $621,805.00 for their services related to the sale.  Pursuant to the Agreement, Plaintiffs were entitled to, and received, payment of 25% of the monies paid to Defendants for sale of the GatorAm Property, amounting to $155,451.00.

22.     On January 8, 2014, Defendants sold the Card Monster Properties and were paid $8,579,648.14 for their services related to the sale.

23.     Pursuant to the Agreement, Plaintiffs are due fifteen percent (15%) of the payment referenced in Paragraph 22, which amounts to $1,286,947.22.

24.     Defendants have tendered payment of $986,467.78 to Plaintiffs, consisting of $1,017,557.78 for sale of the Card Monster Properties, and a deduction of $31,090.00 as an adjustment to Plaintiff's payment for sale of the GatorAm Property.

25.     Defendants' tender referenced in Paragraph 24 does not constitute payment in full for the sale of the Card Monster Properties, and Defendants are without legal or contractual authority to make an adjustment to the payment made for sale of the GatorAm Property.

26.     Plaintiffs have made demand to Defendants for the full amount due under the Agreement for sale of the Card Monster Properties and the GatorAm Property, but Defendants have failed and refused to tender payment in full.

## COUNT I: BREACH OF CONTRACT

27.     The allegations set forth in Paragraphs 1-26 of this Complaint are alleged and incorporated herein.

28.     Defendants materially breached the Agreement by failing to pay the amount due under the Agreement relating to the sale of the Card Monster Properties.

29.     The Settlement Agreement, entered into on November 1, 2012, provided that Plaintiffs would receive 15% of monies paid to Defendants for sale of the Card Monster Properties.

30.     Plaintiffs were due $1,286,947.22 under the Agreement, and Defendants have refused to make payment in full.

31.     As a direct and proximate result of Defendants' material breach of the Agreement, Plaintiffs have incurred damages of $269,416.44, plus pre-judgment and post-judgment interest.

## COUNT II: BREACH OF CONTRACT

32.     The allegations set forth in Paragraphs 1-31 of this Complaint are alleged and incorporated herein.

33.     Defendants materially breached the Agreement by adjusting Plaintiffs' payment of $155,451 under the Agreement, relating to the sale of the GatorAm Property, downward by $31,090.00 and withholding that amount as referenced in Paragraph 24.

34.     The Settlement Agreement, entered into on November 1, 2012, provided that Plaintiffs would receive 25% of monies paid to Defendants for sale of the GatorAm Property, and Plaintiff received such payment.  The subsequent adjustment and deduction is without legal or contractual authority.

35.     As a direct and proximate result of Defendants' material breach of the Agreement, Plaintiffs have incurred damages of $31,090.00, plus pre-judgment and post-judgment interest.

WHEREFORE the Plaintiffs, Jay Rappaport and Centurion Advisors, L.L.C., request this Honorable Court to enter judgment for the Plaintiffs against the Defendants and to award the Plaintiffs:

A. Actual damages in the amount of $269,416.44 for Breach of Contract alleged in Count I;

B. Actual damages in the amount of $31,090.00 for Breach of Contract alleged in Count II;

C. Pre-judgment and post-judgment interest;

D. Their attorney's fees and costs incurred in prosecuting their claims, as provided for in Section 6(f) of the Settlement Agreement; and

E. Any such additional and further relief this Honorable Court deems necessary in furtherance of the ends of justice.

Respectfully Submitted,
JAY RAPPAPORT
and
CENTURION ADVISORS, LLC
*By Counsel*

DYCIO & BIGGS

By:

T. Wayne Biggs, Esq., VSB No. 41281
Jason C. Greaves, Esq., VSB No. 86164
DYCIO & BIGGS
10533 Main Street
Fairfax, VA 22030
T: (703) 383-0100
F: (703) 383-0101
*Counsel for Plaintiffs*

7

## TIMELY SERVICE REQUIREMENT:

Service of process in actions brought on a warrant or motion for judgment pursuant to Virginia Code § 16.79 or § 16.1-81 shall be void and of no effect when such service of process is received by the Secretary within ten days of any return day set by the warrant. In such cases, the Secretary shall return the process or notice, the copy of the affidavit, and the prescribed fee to the plaintiff or his agent. A copy of the notice of the rejection shall be sent to the clerk of the court in which the action was filed.

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting; or

8. (ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person.

9. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

## DUE DILIGENCE REQUIREMENT:

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.